IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. PURNELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER JOHN McCABE, STAR #8782; CHICAGO POLICE OFFICER JAIME CASILLAS, STAR #12860; CHICAGO POLICE OFFICER E. HUSIC, STAR #10408; CHICAGO POLICE OFFICER GONZALO DELUNA, STAR# 17073; CHICAGO POLICE OFFICER SCOTT SOREGHEN, STAR #17722; CHICAGO POLICE OFFICER LYNCH, STAR #949; CHICAGO POLICE DETECTIVE TIMOTHY BAGDON, STAR #20551; and THE CITY OF CHICAGO, a Municipal Corporation, | ) ) ) ) ) ) ) ) ) ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES, the Plaintiff, DAVID L. PURNELL, by and through his attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the Defendants, CHICAGO POLICE OFFICER JOHN McCABE, STAR #8782; CHICAGO POLICE OFFICER JAIME CASILLAS, STAR #12860; CHICAGO POLICE OFFICER E. HUSIC, STAR #10408; CHICAGO POLICE OFFICER GONZALO DELUNA, STAR #17073; CHICAGO POLICE OFFICER SCOTT SOREGHEN, STAR #17722; CHICAGO POLICE OFFICER LYNCH, STAR #949; CHICAGO POLICE DETECTIVE TIMOTHY BAGDON, STAR #20551 and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C.

Sec. 1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, DAVID L. PURNELL, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4. Defendants, CHICAGO POLICE OFFICER JOHN McCABE, STAR #8782; CHICAGO POLICE OFFICER JAIME CASILLAS, STAR #12860; CHICAGO POLICE OFFICER E. HUSIC, STAR #10408; CHICAGO POLICE OFFICER GONZALO DELUNA, STAR #17073; CHICAGO POLICE OFFICER SCOTT SOREGHEN, STAR #17722; CHICAGO POLICE OFFICER LYNCH, STAR #949; CHICAGO POLICE DETECTIVE TIMOTHY BAGDON, STAR #20551, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5. The Defendant, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

6. On January 1, 2014, the Plaintiff was inside a residence located at 254 W. 106th Place in Chicago, Cook County, Illinois.

7. Shortly after midnight, DEFENDANT McCABE forced his way into the home at 254 W. 106th Place and handcuffed the Plaintiff, despite the fact the Plaintiff was not in violation of any laws.

8. DEFENDANTS CASILLAS, HUSIC, DELUNA, SOREGHEN and LYNCH also entered the residence at 254 W. 106th Place, detained other individuals and searched the residence.

9. The DEFENDANTS recovered a shotgun from a bedroom and a .40 caliber handgun from a kitchen cabinet in the residence.

10. The Plaintiff, who was not the owner or leaseholder of the residence, was nevertheless arrested and charged with Reckless Discharge of a Firearm by the DEFENDANTS.

11. The Plaintiff was transferred to the 005th District Police Station and interviewed by the DEFENDANT OFFICERS as well as DEFENDANT DETECTIVE TIMOTHY BAGDON. The Plaintiff repeatedly denied that he ever possessed the recovered guns and repeatedly requested a gunshot residue test to establish that he never fired a gun that night.

12. The DEFENDANTS ignored the Plaintiff's request for a gunshot residue test and, upon learning he was a convicted felon, collectively conspired to arrest and charge the Plaintiff with felony offenses despite the fact the Plaintiff was never in possession of a handgun.

13. In furtherance of this conspiracy, the DEFENDANT OFFICERS wrote false police reports and fabricated evidence that the Plaintiff was observed shooting a gun into the air on the porch at 254 W. 106th Place.

14. On December 4, 2014, Cook County Judge Thomas Gainer found the Plaintiff not guilty of all criminal charges initiated by the DEFENDANT OFFICERS.

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

15. Plaintiff re-alleges and incorporates paragraphs 1-14 as fully stated herein.

16. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

17. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

18. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### Section 1983 Conspiracy Claims

19. Plaintiff re-alleges and incorporates paragraphs 1-14 above as fully stated herein.

20. DEFENDANTS conspired and agreed to unlawfully use their police powers to violate the civil rights of the Plaintiff and have him incarcerated and falsely charged with felony offenses.

21. Otherwise known as a "Code of Silence," the DEFENDANT OFFICERS conspired to cover up their own and each other's misconduct outlined above in order to have the Plaintiff falsely charged and prosecuted with criminal offenses he did not commit.

22. In furtherance of this conspiracy, the DEFENDANTS falsified police reports, omitted material facts from prosecutors and fabricated evidence that Plaintiff was observed shooting a handgun.

23. This conspiracy proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe physical and emotional distress. As a result of the conspiracy to falsely charge the Plaintiff with felony offenses, the Plaintiff was incarcerated in the Cook County Jail, forced to hire a criminal defense attorney and lost his job.

## COUNT III
### Failure To Investigate

24. Plaintiff re-alleges and incorporates paragraphs 1-14 above as fully stated herein.

4

25. As described above, DEFENDANTS had a duty and obligation as sworn officers acting under color of law to conduct a legitimate investigation.

26. DEFENDANTS failed to conduct any investigation and simply arrested Plaintiff without probable cause and charged the Plaintiff with felony offenses because he was a convicted felon.

27. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

28. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to physical incarceration and mental distress and anguish.

## COUNT IV
### State Law Claim: Indemnification

29. Plaintiff re-alleges and incorporates paragraphs 1-14 above as fully stated herein.

30. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

31. DEFENDANTS, CHICAGO POLICE OFFICER JOHN McCABE, STAR #8782; CHICAGO POLICE OFFICER JAIME CASILLAS, STAR #12860; CHICAGO POLICE OFFICER E. HUSIC, STAR #10408; CHICAGO POLICE OFFICER GONZALO DELUNA, STAR #17073; CHICAGO POLICE OFFICER SCOTT SOREGHEN, STAR #17722; CHICAGO POLICE OFFICER LYNCH, STAR #949; CHICAGO POLICE DETECTIVE TIMOTHY BAGDON, STAR #20551, are or were employees of The City of Chicago acting within the scope of their employment in committing the misconduct described herein. The City of Chicago is responsible to indemnify any compensatory judgment or settlements entered

against DEFENDANTS, CHICAGO POLICE OFFICER JOHN McCABE, STAR #8782; CHICAGO POLICE OFFICER JAIME CASILLAS, STAR #12860; CHICAGO POLICE OFFICER E. HUSIC, STAR #10408; CHICAGO POLICE OFFICER GONZALO DELUNA, STAR #17073; CHICAGO POLICE OFFICER SCOTT SOREGHEN, STAR #17722; CHICAGO POLICE OFFICER LYNCH, STAR #949; CHICAGO POLICE DETECTIVE TIMOTHY BAGDON, STAR #20551, in their capacity as Chicago Police Officers.

## **REQUEST FOR RELIEF**

32. Plaintiff, DAVID L. PURNELL, respectfully requests that the Court:

   a. Enter judgment in her favor and against Defendants, CHICAGO POLICE OFFICER JOHN McCABE, STAR #8782; CHICAGO POLICE OFFICER JAIME CASILLAS, STAR #12860; CHICAGO POLICE OFFICER E. HUSIC, STAR #10408; CHICAGO POLICE OFFICER GONZALO DELUNA, STAR #17073; CHICAGO POLICE OFFICER SCOTT SOREGHEN, STAR #17722; CHICAGO POLICE OFFICER LYNCH, STAR #949; CHICAGO POLICE DETECTIVE TIMOTHY BAGDON, STAR #20551; and THE CITY OF CHICAGO, a Municipal Corporation;

   b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICER JOHN McCABE, STAR #8782; CHICAGO POLICE OFFICER JAIME CASILLAS, STAR #12860; CHICAGO POLICE OFFICER E. HUSIC, STAR #10408; CHICAGO POLICE OFFICER GONZALO DELUNA, STAR #17073; CHICAGO POLICE OFFICER SCOTT SOREGHEN, STAR #17722; CHICAGO POLICE OFFICER LYNCH, STAR #949; CHICAGO POLICE DETECTIVE TIMOTHY BAGDON, STAR #20551; and THE CITY OF CHICAGO, a Municipal Corporation;

   c. Award attorneys' fees against Defendants, CHICAGO POLICE OFFICER JOHN McCABE, STAR #8782; CHICAGO POLICE OFFICER JAIME CASILLAS, STAR #12860; CHICAGO POLICE OFFICER E. HUSIC, STAR #10408; CHICAGO POLICE OFFICER GONZALO DELUNA, STAR #17073; CHICAGO POLICE OFFICER SCOTT SOREGHEN, STAR #17722; CHICAGO POLICE OFFICER LYNCH, STAR #949; CHICAGO POLICE DETECTIVE TIMOTHY BAGDON, STAR #20551; and THE CITY OF CHICAGO, a Municipal Corporation;

   d. Award punitive damages against CHICAGO POLICE OFFICER JOHN

        McCABE, STAR #8782; CHICAGO POLICE OFFICER JAIME CASILLAS, STAR #12860; CHICAGO POLICE OFFICER E. HUSIC, STAR #10408; CHICAGO POLICE OFFICER GONZALO DELUNA, STAR #17073; CHICAGO POLICE OFFICER SCOTT SOREGHEN, STAR #17722; CHICAGO POLICE OFFICER LYNCH, STAR #949; CHICAGO POLICE DETECTIVE TIMOTHY BAGDON, STAR #20551; and THE CITY OF CHICAGO, a Municipal Corporation; and

e.     Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, DAVID L. PURNELL, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

                Respectfully submitted,

                /s/ Jeffrey J. Neslund
                JEFFREY J. NESLUND
                Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100